IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX CICCOTELLI, | : |
|  | : Case No. _____ |
| Plaintiff, | : |
|  | : JURY TRIAL DEMANDED |
| v. | : |
|  | : COMPLAINT FOR VIOLATION OF |
| INTERSECT ENT, INC., KIERAN T. GALLAHUE, THOMAS A. WEST, TERESA L. KLINE, CYNTHIA LUCCHESE, DANA MEAD, ELISABETH SANDOVAL-LITTLE, and NEIL A. HATTANGADI, | : THE SECURITIES EXCHANGE ACT OF 1934 |
|  | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On August 6, 2021, Intersect ENT, Inc. ("Intersect" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Medtronic Inc. ("Parent') and Project Krakken Merger Sub, Inc. ("Merger Sub," and together with Parent, "Medtronic") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Intersect's stockholders will receive $28.25 in cash per share.

3. On September 7, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange

Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Intersect common stock.

9. Defendant Intersect is a Delaware corporation. Intersect's common stock is traded on the NASDAQ under the ticker symbol "XENT."

10. Defendant Kieran T. Gallahue is Chairman of the Board of Directors of Intersect (the "Board").

11. Defendant Thomas A. West is Chief Executive Officer and a member of the Board.

12. Defendant Teresa L. Kline is a member of the Board.

13. Defendant Cynthia Lucchese is a member of the Board.

14. Defendant Dana Mead is a member of the Board.

15. Defendant Elisabeth Sandoval-Little is a member of the Board.

16. Defendant Neil A. Hattangadi is a member of the Board.

17. Defendants identified in ¶¶ 10-16 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

18. Intersect is a global ear, nose, and throat medical technology leader.

19. On August 6, 2021, Intersect entered into the Merger Agreement.

20. The press release announcing the Proposed Merger provides as follows:

Medtronic plc (NYSE:MDT), the global leader in medical technology, today announced that it has entered into a definitive agreement with Intersect ENT (NASDAQ: XENT), a global ear, nose, and throat (ENT) medical technology leader dedicated to transforming patient care, in which Medtronic will acquire all outstanding shares of Intersect ENT for $28.25 per share in an all-cash transaction implying an enterprise value of approximately $1.1 billion. The boards of directors of both companies have unanimously approved the transaction.

Medtronic's acquisition of Intersect ENT expands the company's portfolio of products used during ear, nose, and throat procedures. The complementary product lines and customer base will further Medtronic's efforts to have a positive impact for patients who suffer from chronic rhinosinusitis (CRS). Intersect ENT's PROPEL® and SINUVA® sinus implants are clinically proven solutions that open sinus passageways and deliver an anti-inflammatory steroid to aid in healing. By combining these products with Medtronic's navigation, powered instruments, and existing tissue health products, the company intends to offer a broader suite of solutions to assist surgeons treating CRS patients.

"This acquisition directly aligns with our commitment to delivering continuous innovation that helps ENT patients," said Vince Racano, president of the ENT business, which is part of the Neuroscience Portfolio at Medtronic. "Intersect ENT's sinus implants are clinically proven to offer relief and healing to patients suffering from chronic rhinosinusitis. Combining this innovative technology with our established global presence and sales infrastructure will allow us to broaden our capabilities while expanding access to these valuable therapies."

"This is an exciting day for patients suffering from CRS," said Thomas West, president and CEO of Intersect ENT. "After years of pioneering technology to help patients heal following sinus surgery, we welcome the integration of Intersect ENT's portfolio into Medtronic. We are looking forward to the global impact we can make as part of Medtronic, bringing these essential products to more patients

than ever before. Thank you to our Intersect ENT employees – without you, we would not have reached this important step in our evolution."

In the U.S., CRS affects 1 in 8 adults (35 million) and often requires a complex combination of medical and surgical therapy. It is one of the top 10 most costly medical conditions for employers, with most patients reporting 5-15+ years of suffering and medical treatment.1-3 Intersect ENT's PROPEL implant – used primarily in hospitals and ambulatory surgery centers – is a bioabsorbable, drug-eluting implant inserted after sinus surgery to keep passageways open and deliver an anti-inflammatory steroid to the sinuses. SINUVA implants are primarily used in the office environment for the treatment of recurrent sinus obstruction due to nasal polyps in adult patients who have had ethmoid sinus surgery.

Financial Highlights

Following close, the transaction is expected to be accretive to Medtronic's weighted average market growth rate (WAMGR), and to be neutral to Medtronic's adjusted earnings per share in the first twelve months and accretive thereafter.

Closing and Approvals

The acquisition is expected to close toward the end of Medtronic's current fiscal year, subject to the satisfaction of customary closing conditions, including receipt of regulatory clearances and approval by Intersect ENT's stockholders.

Advisors

Medtronic's financial advisor for the transaction is Perella Weinberg Partners LP, with Ropes & Gray LLP acting as legal advisor. Intersect ENT's financial advisor is Goldman Sachs & Co. LLC, with Cooley LLP acting as legal advisor.

21. On September 7, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

### Financial Projections

22. The Proxy fails to disclose material information regarding Intersect's financial projections. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

23. The Proxy fails to disclose the line items used to calculate Intersect's financial projections.

Financial Analyses

24. The Proxy fails to disclose material information regarding the financial analyses conducted by Goldman Sachs & Co. LLC ("Goldman Sachs"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

25. Regarding Goldman Sachs' Illustrative Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values; (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates; (iii) net operating losses; (iv) net debt; and (v) the number of fully diluted shares outstanding of common stock.

26. Regarding Goldman Sachs' Illustrative Present Value of Future Share Price Analysis, the Proxy fails to disclose: (i) net debt; (ii) the number of fully diluted shares outstanding of common stock; and (iii) the inputs and assumptions under the discount rate.

27. Regarding Goldman Sachs' Premia Paid Analysis, the Proxy fails to disclose: (i) the transactions; and (ii) the premiums paid in the transactions.

<b>COUNT I</b>

**Claim Against the Individual Defendants and Intersect for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

28. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

29. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in

light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

30. Intersect is liable as the issuer of these statements.

31. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

32. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

33. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

34. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

35. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

36. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

37. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

38. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

39. The Individual Defendants acted as controlling persons of Intersect within the meaning of Section 20(a) of the Exchange Act as alleged herein.

40. Due to their positions as officers and/or directors of Intersect and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

41. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

42. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

43. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

44. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

45. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

46. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

47. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:  September 23, 2021                    **GRABAR LAW OFFICE**

By: ___/s/ Joshua H. Grabar_____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*